Michael S. Anderson
State Bar No. - 017107
Michael S. Anderson P.C.
P.O. Box 2680
2158 N. Gilbert Rd. 101
Mesa, Az. 85214
Email: mike@msanderson.com
Phone: 480-507-5985 Fax: 480-507-5988

Floyd W. Bybee
State Bar No. - 012651
Law Office of Floyd W. Bybee, PLLC
4445 E. Holmes #107
Mesa, Az. 85206
Phone: 480-756-8822 Fax: 480-302-4186

Attorney(s) for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karen Revak, an individual; ) | No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| Capital Recovery Service of VA, ) | |
| LLC,  d.b.a. Capital Recovery Service,) | |
| LLC; Sharry Kessler; and ) | |
| Richard Cole; ) | |
| ) | (Jury Trial Demanded) |
| ) | |
| Defendants. ) | |
| ) | |

## <u>COMPLAINT</u>

COMES NOW the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendants alleges as follows:

## JURISDICTION

1. Jurisdiction of this Court Arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. The action arises out of Defendants' repeated violations of the "Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by the Defendants and out of the invasions of the Plaintiff's personal privacy by these Defendants in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## PARTIES

4. Plaintiff Karen Revak, (hereinafter "Plaintiff") is a natural person who resides in the City of Casa Grande, Pinal County, State of Arizona and is a consumer as defined by 15 U.S.C. § 1692a(3).  She was during the periods described herein-below employed as a schoolteacher for the Gila Bend School District, Gila Bend High School.

5. Defendant Capital Recovery Service of VA, LLC, d.b.a. Capital Recovery Service, LLC, (hereinafter "CRS") is a debt collector incorporated in Virginia and having it's principal place of business at the address  6501 Arlington Expressway, Jacksonville Florida 32211-5779 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. The Defendant Sharry Kessler, (hereinafter ("Kessler") is a natural person believed to be employed by CRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.    The Defendant Richard Cole, (hereinafter "Cole") is a natural person believed to be employed by Defendant CRS as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.    CRS as a corporate entity, can act only through it's members employees, and agents.  Therefore, Defendant CRS is liable for the acts of it's members, employees and agents within the scope of their authority under the doctrine of respondent superior.

## FACTUAL ALLEGATIONS

9.    On or around April of 2002, Plaintiff originally incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a home equity loan from Compass Bank.

10.   At some point in 2007 the original creditor called the loan due despite Plaintiff's continuing monthly payments as agreed, and the debt was consigned, placed or otherwise transferred to Defendant CRS to collect the debt.

11.   In or about October 4 2007, CRS sent a collection letter to Plaintiff.

12.   On or about October 13, 2007, Plaintiff received the letter and called CRS from her home phone.  Plaintiff left a message during this call,  in which she asked that any collector working on behalf of CRS not to call her at work, but to call her prior to 7 a.m. in the morning on her cell phone or after 7 p.m. in the evening on her home phone.

13.   On or about October 15, 2007, Defendant Kessler called Plaintiff's cell phone in order to discuss settlement of the account between 7 a.m. and 7 p.m. Kessler failed to state that the call was an attempt to collect the debt or that

1    the communication was from a debt collector.

2    14.   On or about October 16, 2007, Kessler left a message on Plaintiff's cell phone

3          between 7 a.m and 7 p.m. concerning settlement issues. Kessler failed to state

4          that the call was an attempt to collect the debt or that the communication was

5          from a debt collector.

6    15.    On or about October 18, 2007, Kessler called Plaintiff's cell phone while

7          Plaintiff was working between 7 a.m. and 7 p.m. and left a message. Kessler

8          failed to state that the call was an attempt to collect the debt or that the

9          communication was from a debt collector during the message.

10   16.   On or about October 19, 2007, Plaintiff contacted Kessler to discuss

11         settlement. Plaintiff explained to Kessler that she did not have the means

12         sufficient to settle the account, nor did she have access to funds from any

13         other source sufficient to settle the account.

14   17.   On or about October 19, 2007, Kessler coerced Plaintiff into providing

15         Kessler with an "electronic check" in the amount of $8,000.00, with the

16         understanding that the check would not be presented until Plaintiff had funds

17         to cover the check, nor prior to October 31, 2007."

18   18.   On or about October 21, 2007, CRS sent a letter to Plaintiff indicating that the

19         "check" would be "presented for payment on October 31, 2007...."

20   19.   On or about October 26, 2007, Kessler contacted Plaintiff on her cell phone

21         at work between the hours of 7 a.m and 7 p.m. Plaintiff answered the call and

22         reminded Kessler that she was not supposed to call her while at work.

23         Kessler told Plaintiff that Plaintiff had given her permission to do so and that

24         the rule regarding calls at work only applied to collectors calling on debts

25         under $10,000.00. Kessler failed to state that the call was an attempt to

1    collect the debt or that the communication was from a debt collector.

2  20.   On or about October 31, 2007, Kessler contacted Plaintiff on her cell phone

3        several times throughout the day while Plaintiff was at work between 7 a.m.

4        and 7 p.m.  Kessler and Plaintiff spoke twice.  During those conversations,

5        Plaintiff again explained to Kessler that there was no money to settle the

6        account.  Kessler failed to state during any call or message left, that the call

7        was an attempt to collect the debt or that the communication was from a debt

8        collector.

9  21.   On or about November 1, 2007, Kessler again called Plaintiff's cell phone

10       while she was at work and left a message, between 7 a.m and 7 p.m.  Kessler

11       indicated during the message that Plaintiff should find the money and that

12       CRS would cash the check anyway.  Kessler failed to state that she was a debt

13       collector or that the call was being made in an attempt to collect a debt during

14       the call.

15  22.  On or about November 2, 2007, Kessler contacted Plaintiff at work and left

16       a message on her cell phone between 7 a.m and 7 p.m.  Kessler failed to state

17       that she was a debt collector or that the call was being made in an attempt to

18       collect a debt during the call.

19  23.  On or about November 5, 2007, during a series of calls and messages made

20       during Plaintiff's work between 7 a.m. and 7 p.m., Kessler and Plaintiff

21       discussed Plaintiff's friend,  Mr. "Mike Bilbrey" ( hereinafter "Mike") who

22       had agreed to help Plaintiff.  Kessler demanded Mike's telephone number in

23       order to verify Plaintiff's claim.

24  24.  During the conversation, Plaintiff explained to Kessler that Mike would

25       contact CRS and Kessler to discuss the issue and asked Kessler not to call

him.  Kessler demanded that Plaintiff call Mike and then call Kessler back and that Kessler would await Mike's call.

25.  Within a few hours of the conversation of the same date between Plaintiff and Kessler, Kessler called Mike directly.  Kessler failed to state that she was a debt collector or that the call was being made in an attempt to collect a debt at anytime during the call.  Kessler demanded that Mike pay $8,000.00 by 5 p.m.  Mike explained that he may be able to pay $8,000.00 on Plaintiff's behalf, but was unable to do it that day.

26.  At no time did Plaintiff give Kessler or CRS permission to contact Mike directly or discuss her debt with Mike.

27.  During the November 5, 2007 telephone call between Kessler and Mike, Kessler connected the call to Cole.  Cole told Mike to pay the $8,000.00 immediately or the amount would go to $22,500.00.  Cole described to Mike in a detailed fashion the history of the account, including the situation surrounding the check Plaintiff had written.

28.  On or about November 6, 2007 Kessler called Mike three times. Kessler failed to state that she was a debt collector or that the calls were being made in an attempt to collect a debt during the call.

29.  On or November 6, 2007, Kessler called Gila Bend Unified School District, Gila Bend High School.  Ms. Revi Sandoval, a secretary at the school answered the call and explained to Kessler that Plaintiff was not available and asked to take a message.  Kessler's demeanor became rude and she insisted on speaking with Plaintiff.  Ms. Sandoval transferred the call to the room that Plaintiff was in at the time.

30.  Kessler then left a message on the voice mail of Carol Lyons the Director of

Special Education and Plaintiffs Superior.  Kessler stated in the voice mail that she was with a collection agency.  Carol Lyons relayed the message to Plaintiff and advised her that "they should not be contacting her at her work place ."   The call to Plaintiff's place of employment was not an attempt to obtain "location information" as Defendants had Plaintiff's location information when the call was made.

31.   On or about November 6, 2007 and after Kessler had spoken with Ms. Sandoval and left a message on Carol Lyon's telephone, Kessler called Plaintiff's cell and left a message between the hours of 7 a.m. and 7 p.m. Kessler failed to state that she was a debt collector or that the call was being made in an attempt to collect a debt during the call.

32.   On or about November 7, 2007, Kessler left a message on Plaintiff's cell phone between the hours of 7 a.m. and 7 p.m. indicating that CRS would turn her over to the authorities for a bounced check.  Kessler failed to state that she was a debt collector or that the call was being made in an attempt to collect a debt during the call.

33.   On or about November 7, 2007, Kessler called Mike twice.  During one call, Kessler reminded Mike that they could turn the check over to the authorities if he did not pay the $8000.00.  Kessler failed to state that she was a debt collector or that the call was being made in an attempt to collect a debt during the call.

34.   Defendants' conduct as outlined above was very distressing and upsetting to plaintiff and harmed her reputation at work.

35.   Defendants' actions taken here were intentional, willful, and in gross or reckless disregard of Plaintiff's rights and part of their persistent and routine

1   practice of debt collection.

2   36.   In the alternative, Defendants' actions were negligent.

3   37.   As a result of Defendants' outrageous actions as outlined above, Plaintiff has

4         suffered actual damages.

5                                  **SUMMARY**

6   38.   The conduct of Defendants in:

7         A.   Harassing Plaintiff in an effort to collect this debt by repeatedly calling

8              Plaintiff and repeatedly engaging Plaintiff in telephone repetitive

9              conversations;

10        B.   Contacting Plaintiff while at work on numerous occasions and between

11             the hours of 7 a.m. and 7 p.m. despite Plaintiff's instructions;

12        C.   Contacting Plaintiff's workplace despite having knowledge of

13             Plaintiffs personal contact information, and despite Plaintiff's request

14             that Defendants not do so;

15        D.   Contacting Plaintiff's workplace and failing to state that they were

16             simply confirming or correcting location information;

17        E.   Contacting Plaintiff's workplace and disclosing that the call was from

18             a debt collector;

19        F.   Contacting Plaintiff's friend despite Plaintiff's request that Kessler not

20             do so, and disclosing the history and details of the account to

21             Plaintiff's friend;

22        G.   Threatening Plaintiff and Plaintiff's friend that CRS would turn the

23             check over to the authorities;

24        H.   Presenting Plaintiff's check for payment despite Plaintiff's repeated

25             claim that there were no funds to cover the check both at the time of

the check creation and thereafter; and

I.     Telling Mike that the Defendant would only accept $22,500.00 to settle the account and then agreeing to accept the original $8,000.00 thereafter.

J.     Telling Plaintiff that she would be turned over to the authorities for a bounced check and then failing to do so.

were violations of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1) 1692b(2), 1692 b(3), 1692c(a)(1), 1692 c(a)(3), 1692c(b), 1692d, 1692d(5), 1692(e), 1692e(5), 1692e(7), 1692e(10),  1692e(11), 1692f, and 1692f(3), amongst others, as well as an invasion of her privacy by an intrusion upon her privacy.

## TRIAL BY JURY

39.   Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### Count 1

### FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS
### 15 U.S.C. § 1692 et seq.

40.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.   The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

42.    As a direct result and proximate cause of Defendants' actions in violation of the FDCPA,  Plaintiff has suffered actual damages.

**Count 2**

**INVASION OF PRIVACY**

43.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44.    Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt, engaging in offensive conduct, and contacting and disclosing personal information to third parties without permission.

45.    Plaintiff had a reasonable expectation of privacy in her solitude, and private affairs.

46.    These intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

47.    As a result of such invasion of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every defendant.

**PRAYER FOR RELIEF**

   **WHEREFORE,**   Plaintiff prays that judgment be entered against each and every Defendant for:

   a.    Statutory damages of $1,000 per defendant pursuant to 15 U.S.C. §1692k;

   b.    Actual damages in an amount to be determined by trial;

   c.    Punitive damages in an amount to be determined at trial;

- 10 -

1      d.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

2      and

3      e.     Such other relief as may be just and proper.

Dated:   October 16, 2008  .

**Michael S.  Anderson P.C.**

  s/ Michael S. Anderson
Michael S. Anderson Esq.
Az. Bar No.  017107
P.O. Box 2680
2158 N. Gilbert Rd. Ste 101
Mesa, Az. 85214
Telephone:  480-507-5985
Fax: 480-507-5988
mike@msanderson.com

**Floyd W. Bybee P.L.L.C.**

  s/  Floyd W. Bybee
Floyd W. Bybee Esq.
Az. Bar No.  012651
4445 E. Holmes Ave., Ste. 107
Mesa, AZ 85206
Telephone: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorneys for Plaintiff