Michael C. Anderson, #017107
**Michael C. Anderson P.C.**
P.O. Box 2680
2158 N. Gilbert Rd, #101
Mesa, AZ 85214
Office: (480) 507-5985
Fax: (480) 507-5988
mike@msanderson.com

Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Ave., Suite 107
Mesa, AZ 85206-5530
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Karen Revak,** | No. CV 08-01895-PHX-EVC |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| **Credit Bureau Collection Services, Inc.,** an Ohio corporation; **Sharry Kessler,** an individual; and **Richard Cole,** an individual; | |
| Defendants. | (Assigned to Hon. Edward C. Voss) |

COMES NOW the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Amended Complaint against the Defendants alleges as follows:

**JURISDICTION**

1. Jurisdiction of this Court Arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.
2. The action arises out of Defendants' repeated violations of the "Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by the Defendants and out of the invasions of the Plaintiff's personal privacy by these Defendants in their illegal efforts to collect a consumer debt from Plaintiff.
3. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

**PARTIES**

4. Plaintiff Karen Revak, (hereinafter "Plaintiff") is a natural person who resides in the City of Casa Grande, Pinal County, State of Arizona and is a consumer as defined by 15 U.S.C. § 1692a(3).  She was during the periods described herein-below employed as a schoolteacher for the Gila Bend School District, Gila Bend High School.
5. Defendant Credit Bureau Collection Services, Inc. (hereinafter "CBCS") is a debt collector incorporated in Ohio and having it's principal place of business at the

|   |   |
|---|---|
| 1 | address 236 E. Town Street, Columbus, Ohio 43215 and is |
| 2 | a "debt collector" as that term is defined by 15 U.S.C. |
| 3 | § 1692a(6). |
| 4 | 6. Upon information and belief, at all times relevant |
| 5 | hereto, CBCS was doing business under the name of |
| 6 | Capital Recovery Service of VA, LLC or Capital Recovery |
| 7 | Service, LLC. |
| 8 | 7. The Defendant Sharry Kessler, (hereinafter ("Kessler") |
| 9 | is a natural person believed to be employed by CBCS as |
| 10 | a collection agent and is a "debt collector" as that |
| 11 | term is defined by 15 U.S.C. § 1692a(6). |
| 12 | 8. The Defendant Richard Cole, (hereinafter "Cole") is a |
| 13 | natural person believed to be employed by Defendant CBCS |
| 14 | as a collection agent and is a "debt collector" as that |
| 15 | term is defined by 15 U.S.C. § 1692a(6). |
| 16 | 9. CBCS as a corporate entity, can act only through it's |
| 17 | members employees, and agents.  Therefore, Defendant |
| 18 | CBCS is liable for the acts of it's members, employees |
| 19 | and agents within the scope of their authority under the |
| 20 | doctrine of respondent superior. |

**FACTUAL ALLEGATIONS**

10. On or around April of 2002, Plaintiff originally incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §

1. 1692a(5), namely, a home equity loan from Compass Bank.
2. 11. At some point in 2007 the original creditor called the loan due despite Plaintiff's continuing monthly payments as agreed, and the debt was consigned, placed or otherwise transferred to Defendant CBCS to collect the debt.
3. 12. In or about October 4 2007, CBCS sent a collection letter to Plaintiff.
4. 13. On or about October 13, 2007, Plaintiff received the letter and called CBCS from her home phone. Plaintiff left a message during this call, in which she asked that any collector working on behalf of CBCS not to call her at work, but to call her prior to 7 a.m. in the morning on her cell phone or after 7 p.m. in the evening on her home phone.
5. 14. On or about October 15, 2007, Defendant Kessler called Plaintiff's cell phone in order to discuss settlement of the account between 7 a.m. and 7 p.m. Kessler failed to state that the call was an attempt to collect the debt or that the communication was from a debt collector.
6. 15. On or about October 16, 2007, Kessler left a message on Plaintiff's cell phone between 7 a.m and 7 p.m. concerning settlement issues. Kessler failed to state that the call was an attempt to collect the debt or that the communication was from a debt collector.

1  16. On or about October 18, 2007, Kessler called Plaintiff's
2      cell phone while Plaintiff was working between 7 a.m.
3      and 7 p.m. and left a message.  Kessler failed to state
4      that the call was an attempt to collect the debt or that
5      the communication was from a debt collector during the
6      message.
7  17. On or about October 19, 2007, Plaintiff contacted
8      Kessler to discuss settlement.  Plaintiff explained to
9      Kessler that she did not have the means sufficient to
10     settle the account, nor did she have access to funds
11     from any other source sufficient to settle the account.
12 18. On or about October 19, 2007, Kessler coerced Plaintiff
13     into providing Kessler with an "electronic check" in the
14     amount of $8,000.00, with the understanding that the
15     check would not be presented until Plaintiff had funds
16     to cover the check, nor prior to October 31, 2007."
17 19. On or about October 21, 2007, CBCS sent a letter to
18     Plaintiff indicating that the "check" would be
19     "presented for payment on October 31, 2007...."
20 20. On or about October 26, 2007, Kessler contacted
21     Plaintiff on her cell phone at work between the hours of
22     7 a.m and 7 p.m.  Plaintiff answered the call and
23     reminded Kessler that she was not supposed to call her
24     while at work.  Kessler told Plaintiff that Plaintiff
25     had given her permission to do so and that the rule

regarding calls at work only applied to collectors calling on debts under $10,000.00. Kessler failed to state that the call was an attempt to collect the debt or that the communication was from a debt collector.

21. On or about October 31, 2007, Kessler contacted Plaintiff on her cell phone several times throughout the day while Plaintiff was at work between 7 a.m. and 7 p.m. Kessler and Plaintiff spoke twice. During those conversations, Plaintiff again explained to Kessler that there was no money to settle the account. Kessler failed to state during any call or message left, that the call was an attempt to collect the debt or that the communication was from a debt collector.

22. On or about November 1, 2007, Kessler again called Plaintiff's cell phone while she was at work and left a message, between 7 a.m and 7 p.m. Kessler indicated during the message that Plaintiff should find the money and that CBCS would cash the check anyway. Kessler failed to state that she was a debt collector or that the call was being made in an attempt to collect a debt during the call.

23. On or about November 2, 2007, Kessler contacted Plaintiff at work and left a message on her cell phone between 7 a.m and 7 p.m. Kessler failed to state that she was a debt collector or that the call was being made

1     in an attempt to collect a debt during the call.

2  24.  On or about November 5, 2007, during a series of calls and messages made during Plaintiff's work between 7 a.m. and 7 p.m., Kessler and Plaintiff discussed Plaintiff's friend, Mr. "Mike Bilbrey" ( hereinafter "Mike") who had agreed to help Plaintiff. Kessler demanded Mike's telephone number in order to verify Plaintiff's claim.

8  25.  During the conversation, Plaintiff explained to Kessler that Mike would contact CBCS and Kessler to discuss the issue and asked Kessler not to call him. Kessler demanded that Plaintiff call Mike and then call Kessler back and that Kessler would await Mike's call.

13  26.  Within a few hours of the conversation of the same date between Plaintiff and Kessler, Kessler called Mike directly. Kessler failed to state that she was a debt collector or that the call was being made in an attempt to collect a debt at anytime during the call. Kessler demanded that Mike pay $8,000.00 by 5 p.m. Mike explained that he may be able to pay $8,000.00 on Plaintiff's behalf, but was unable to do it that day.

21  27.  At no time did Plaintiff give Kessler or CBCS permission to contact Mike directly or discuss her debt with Mike.

23  28.  During the November 5, 2007 telephone call between Kessler and Mike, Kessler connected the call to Cole. Cole told Mike to pay the $8,000.00 immediately or the

|   |   |
|---|---|
| 1 | amount would go to $22,500.00.  Cole described to Mike |
| 2 | in a detailed fashion the history of the account, |
| 3 | including the situation surrounding the check Plaintiff |
| 4 | had written. |
| 5 | 29. On or about November 6, 2007 Kessler called Mike three |
| 6 | times.  Kessler failed to state that she was a debt |
| 7 | collector or that the calls were being made in an |
| 8 | attempt to collect a debt during the call. |
| 9 | 30. On or November 6, 2007, Kessler called Gila Bend Unified |
| 10 | School District, Gila Bend High School.  Ms. Revi |
| 11 | Sandoval, a secretary at the school answered the call |
| 12 | and explained to Kessler that Plaintiff was not |
| 13 | available and asked to take a message.  Kessler's |
| 14 | demeanor became rude and she insisted on speaking with |
| 15 | Plaintiff.  Ms. Sandoval transferred the call to the |
| 16 | room that Plaintiff was in at the time. |
| 17 | 31. Kessler then left a message on the voice mail of Carol |
| 18 | Lyons the Director of Special Education and Plaintiffs |
| 19 | Superior.  Kessler stated in the voice mail that she was |
| 20 | with a collection agency.  Carol Lyons relayed the |
| 21 | message to Plaintiff and advised her that "they should |
| 22 | not be contacting her at her work place ."  The call to |
| 23 | Plaintiff's place of employment was not an attempt to |
| 24 | obtain "location information" as Defendants had |
| 25 | Plaintiff's location information when the call was made. |

32. On or about November 6, 2007 and after Kessler had spoken with Ms. Sandoval and left a message on Carol Lyon's telephone, Kessler called Plaintiff's cell and left a message between the hours of 7 a.m. and 7 p.m. Kessler failed to state that she was a debt collector or that the call was being made in an attempt to collect a debt during the call.

33. On or about November 7, 2007, Kessler left a message on Plaintiff's cell phone between the hours of 7 a.m. and 7 p.m. indicating that CBCS would turn her over to the authorities for a bounced check. Kessler failed to state that she was a debt collector or that the call was being made in an attempt to collect a debt during the call.

34. On or about November 7, 2007, Kessler called Mike twice. During one call, Kessler reminded Mike that they could turn the check over to the authorities if he did not pay the $8000.00. Kessler failed to state that she was a debt collector or that the call was being made in an attempt to collect a debt during the call.

35. Defendants' conduct as outlined above was very distressing and upsetting to plaintiff and harmed her reputation at work.

36. Defendants' actions taken here were intentional, willful, and in gross or reckless disregard of

|   |   |
|---|---|
| 1 | Plaintiff's rights and part of their persistent and routine practice of debt collection. |
| 3 | 37. In the alternative, Defendants' actions were negligent. |
| 4 | 38. As a result of Defendants' outrageous actions as outlined above, Plaintiff has suffered actual damages. |

**SUMMARY**

39. The conduct of Defendants in:

A. Harassing Plaintiff in an effort to collect this debt by repeatedly calling Plaintiff and repeatedly engaging Plaintiff in telephone repetitive conversations;

B. Contacting Plaintiff while at work on numerous occasions and between the hours of 7 a.m. and 7 p.m. despite Plaintiff's instructions;

C. Contacting Plaintiff's workplace despite having knowledge of Plaintiffs personal contact information, and despite Plaintiff's request that Defendants not do so;

D. Contacting Plaintiff's workplace and failing to state that they were simply confirming or correcting location information;

E. Contacting Plaintiff's workplace and disclosing that the call was from a debt collector;

F. Contacting Plaintiff's friend despite Plaintiff's request that Kessler not do so, and disclosing the

|   |   |   |
|---|---|---|
| 1 |  | history and details of the account to Plaintiff's |
| 2 |  | friend; |
| 3 | G. | Threatening Plaintiff and Plaintiff's friend that |
| 4 |  | CBCS would turn the check over to the authorities; |
| 5 | H. | Presenting Plaintiff's check for payment despite |
| 6 |  | Plaintiff's repeated claim that there were no funds |
| 7 |  | to cover the check both at the time of the check |
| 8 |  | creation and thereafter; and |
| 9 | I. | Telling Mike that the Defendant would only accept |
| 10 |  | $22,500.00 to settle the account and then agreeing |
| 11 |  | to accept the original $8,000.00 thereafter. |
| 12 | J. | Telling Plaintiff that she would be turned over to |
| 13 |  | the authorities for a bounced check and then failing |
| 14 |  | to do so. |

15  were violations of numerous and multiple provisions of
16  the FDCPA, including but not limited to 15 U.S.C. §§
17  1692b(1) 1692b(2), 1692 b(3), 1692c(a)(1), 1692 c(a)(3),
18  1692c(b), 1692d, 1692d(5), 1692(e), 1692e(5), 1692e(7),
19  1692e(10),  1692e(11), 1692f, and 1692f(3), amongst
20  others, as well as an invasion of her privacy by an
21  intrusion upon her privacy.

## TRIAL BY JURY

23  40. Plaintiff is entitled to and hereby respectfully demands
24      a trial by jury.  US. Const. amend. 7.  Fed.R.Civ.P. 38.
25

## CAUSES OF ACTION

### Count 1

### FAIR DEBT COLLECTION PRACTICES ACT VIOLATIONS
### 15 U.S.C. § 1692 et seq.

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

43. As a direct result and proximate cause of Defendants' actions in violation of the FDCPA, Plaintiff has suffered actual damages.

### Count 2

### INVASION OF PRIVACY

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt, engaging in offensive conduct, and contacting and

1 | disclosing personal information to third parties without
2 | permission.
3 | 46. Plaintiff had a reasonable expectation of privacy in her
4 | solitude, and private affairs.
5 | 47. These intrusions and invasions by Defendants occurred in
6 | a way that would be highly offensive to a reasonable
7 | person in that position.
8 | 48. As a result of such invasion of privacy, Plaintiff is
9 | entitled to actual damages in an amount to be determined
10 | at trial from each and every defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

a. Statutory damages of $1,000 per defendant pursuant to 15 U.S.C. §1692k;

b. Actual damages in an amount to be determined by trial;

c. Punitive damages in an amount to be determined at trial;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

e. Such other relief as may be just and proper.

/ / /

/ / /

1

2      RESPECTFULLY SUBMITTED:  <u>  March 4, 2009  </u> .

3

4                                       <u>  s/ Floyd W. Bybee  </u>
                                        Floyd W. Bybee, #012651
5                                       **BYBEE LAW CENTER, PLC**
                                        4445 E. Holmes Ave., Suite 107
6                                       Mesa, AZ 85206-5530
                                        Office:  (480) 756-8822
7                                       Fax: (480) 302-4186
                                        floyd@bybeelaw.com
8
                                        Michael C. Anderson, #017107
9                                       **Michael C. Anderson P.C.**
                                        P.O. Box 2680
10                                      2158 N. Gilbert Rd, #101
                                        Mesa, AZ 85214
11                                      Office: (480) 507-5985
                                        Fax: (480) 507-5988
12                                      mike@msanderson.com

13                                      Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25